153 N.J. Super. 12 (1977)
378 A.2d 1152
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ANTHONY MERLINO ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 14, 1977.
Decided September 26, 1977.
*14 Before Judges HALPERN, LARNER and KING.
Mr. William F. Hyland, Attorney General, attorney for appellant (Mr. Robert E. Rochford, Deputy Attorney General, of counsel and on the brief).
Messrs. Stockman, Marinari, Smithson & O'Donnell, attorneys for respondents Anthony Merlino and Ida Lois Merlino (Ms. Maria Marinari Sypek on the brief).
Messrs. Lenox, Giordano, Devlin, Delehey & Socey, attorneys for respondents Pasquale Louis Cesaro and Ambilia Mary Cesaro (Mr. Nicholas M. Giordano, Jr., on the brief).
Mr. Vincent J. Convery, attorney for respondent Elizabeth Gibson.
Mr. John J. Barry, attorney for respondent Harry N. Van Doren.
No briefs filed by William Bethea and Henritta Dorothy Bethea and Grace Kelly.
The opinion of the court was delivered by LARNER, J.A.D.
The State appeals from the order of the Assignment Judge of Mercer County dismissing the indictment *15 as to all defendants because of the denial of the constitutional right to a speedy trial. U.S. Const., Amend. VI; R. 3:25-3. Complaints were filed on January 10, 1972 against these defendants for violation of the gambling laws. They were arrested on that day and released on bail or personal recognizance. No further action was taken by the State or by defendants until they were indicted by a grand jury on November 10, 1975. Promptly thereafter, some of the defendants moved to dismiss the indictments.
Pursuant to the motion of defendants Anthony and Ida Merlino, and Pasquale and Ambilia Cesaro, the judge entered orders dismissing the indictment against them. Thereafter, upon the representation of the State that the nonmoving defendants were similarly situated, the judge on his own motion entered a dismissal as to the remaining defendants.
The State presented no verified proofs in conjunction with its assertion that the inordinate delay of 46 months between arrest and indictment was dictated by justifiable reasons. Its position rested solely on the general excuse in argument to the judge relating to the pressure of the case-load in the State Enforcement Bureau of the Division of Criminal Justice and its administrative decision to give priority to other cases.
Although there was no showing of tangible prejudice to defendants by way of loss of evidence or oppressive incarcerations, nevertheless the facts support the determination that the unusual period of delay, the absence of justifiable reasons and the anxiety and concern inherent in an unresolved criminal charge outweigh the absence of actual trial prejudice to defendants. See United States v. Mann, 291 F. Supp. 268 (S.D.N.Y. 1968). The proof of such actual prejudice is not a necessary condition precedent to the vindication of the speedy trial guarantee. See Dillingham v. United States, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975); Moore v. Arizona, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973); State v. Moore, 147 N.J. *16 Super. 490, 498 (App. Div.), certif. den. 74 N.J. 272 (1977).
In balancing the relevant factors herein, it is manifest that the extraordinary delay of 46 months without reason is a more weighty element than the 22 months involved in State v. Szima, 70 N.J. 196, cert. den. 429 U.S. 896, 97 S.Ct. 259, 50 L.Ed.2d 180 (1976). And where the delay is so extreme, accompanied by the total absence of a rational excuse for the same, these factors weigh so heavily in the balancing process mandated by Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), as to overcome the absence of actual or demonstrable prejudice on the part of defendants.
The effort of the State to attribute the delay to administrative lag and priorities is without substance where the failure relates to the delay in presentation of the case to a grand jury. This process does not involve the complexities of preparation of a case for trial. The presentation of a prima facie case for grand jury consideration entails a much simpler, shorter and more perfunctory performance. The backlog of cases is no excuse for failure to indict for nearly four years.
A therapeutic viewpoint on this score is expressed by Professor H. Richard Uviller in his article entitled "Barker v. Wingo: Speedy Trial Gets a Fast Shuffle," 72 Colum. L. Rev. 1376, 1385 (1972):
One might think that where the state fails to justify its own dilatory maneuver, the defendant's claim should prevail regardless of other factors. The inexcusable breach of the state's acknowledged duty would appear to be the one instance in which loss of the opportunity to try the defendant could be countenanced on a simple theory of deterrence. Indeed, apart from the sixth amendment, one would think due process itself would cringe at such tactics.
The State also rests its argument upon the failure of defendants to move for a dismissal of the complaint under R. 3:25-3, relying upon State v. Szima, supra. Although *17 such failure of a defendant to express his interest in a speedy disposition may be an element in the factual complex to be considered by the court, it has been scotched as a necessary precondition to relief by Barker v. Wingo, supra.
Furthermore, there is an obvious difference in the weight to be given to defendants' inaction prior to indictment and subsequent to indictment. As noted by Justice Powell in Barker, "A defendant has no duty to bring himself to trial; the State has that duty as well as the duty of insuring that the trial is consistent with due process." 407 U.S. at 527, 92 S.Ct. at 2190, 33 L.Ed.2d at 115.
Under New Jersey practice a dismissal of a criminal complaint has no finality for the benefit of a defendant, and may be followed by grand jury consideration and indictment. Hence, it appears inappropriate to assign much weight or significance to the failure of a defendant and his counsel to go through the abortive process of moving for a dismissal of a complaint prior to the return of an indictment. The defendants herein moved promptly after the return of the indictment, and their right to a speedy trial should not hinge upon their failure to move prior thereto.
We find that the judge below undertook the difficult task of balancing all the relevant factors relating to the respective interests of the State and the defendants, applied his subjective reactions to the particular circumstances and arrived at a just conclusion. See State v. Szima, supra, 70 N.J. at 201. Such a determination at the trial level should not be overturned unless clearly erroneous. See United States v. Barket, 530 F.2d 189, 193 (8 Cir.), cert. den. 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 282 (1976).
We also note that the State urges a belated objection to the sua sponte dismissal as to the nonmoving defendants. The judge had the power to dismiss under R. 3:25-3. His exercise of that power was fully justified in view of the affirmative representation made by the State to the effect that all defendants are similarly situated. The appellate effort to urge trial error because of a post-decision assertion *18 that the representation should not have been made cannot be countenanced. See State v. Harper, 128 N.J. Super. 270, 277 (App. Div.), certif. den. 65 N.J. 574 (1974).
Affirmed.