**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3558-16T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

CARROLL T. QUINN,

      Defendant-Appellant.

_____

Argued October 2, 2018 – Decided October 12, 2018

Before Judges Fisher, Geiger and Firko.

On appeal from Superior Court of New Jersey, Law Division, Sussex County, Municipal Appeal No. 15-08-16.

John P. Velez argued the cause for appellant (Forster Arbore Velez, attorneys; John P. Velez, of counsel and on the briefs).

Nikoletta P. Agouras, Assistant Prosecutor, argued the cause for respondent (Francis A. Koch, Sussex County Prosecutor, attorney; Nikoletta P. Agouras, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Carroll T. Quinn appeals from the Law Division's March 22, 2017 order finding him guilty on trial de novo of refusal to submit to a chemical test, N.J.S.A. 39:4-50.4a (refusal statute), and failure to maintain a lane, N.J.S.A. 39:4-82. For the reasons that follow, we affirm in part and vacate and remand in part.

On December 25, 2013, Corporal Frank Schomp of the Sparta Police Department was dispatched to the scene of a late night, one-vehicle accident to find defendant standing by his car, which had swerved off the road and crashed into a utility pole, causing the pole to fall. Defendant admitted he was the driver of the vehicle involved in the accident and had lost control of the vehicle after he looked down. Defendant told Schomp he was not injured.

Schomp detected the odor of alcohol on defendant's breath and noticed defendant's eyes were bloodshot. Due to weather conditions, Schomp transported defendant to the police station where he conducted a series of field sobriety tests in the station's sally port. Defendant slurred his speech but was able to recite the entire alphabet during the alphabet test. He was unable to perform a one-leg stand without putting his foot down for balance. Defendant was unable to follow instructions during the finger-to-nose test, swayed during

A-3558-16T3

the test, and was unable to touch the tip of his nose despite six attempts. Defendant was also unable to perform the heel to toe, walk and turn test.

Defendant was arrested for driving while intoxicated (DWI), N.J.S.A. 39:4-50, and brought into the processing area, where he was Mirandized,[1] advised of his obligation to provide breath samples, and read the Attorney General's Standard Statement For Motor Vehicle Operators (N.J.S.A. 39:4-50.2(e)).

When asked to submit samples of his breath for testing, defendant repeatedly refused to do so. Schomp attempted to initiate the breath test anyway but was given a controlled failure. Defendant was then transported to the State Police barracks in Sussex where he, again, refused to submit to breath testing.

During defendant's detention, Schomp asked him a series of questions from the standard drinking/driving questionnaire. Defendant said he was sick with a sore throat and a cold, was under the care of a doctor, was taking medication for blood pressure and cholesterol, but was not injured. He said he had two glasses of wine in one hour at Casa Bellisimo, where he ate dinner between 11:00 p.m. and 11:30 p.m.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-3558-16T3

Schomp testified defendant was swaying and staggering when he walked, swaying when he stood, had slow speech and hand movements, had bloodshot eyes and a flushed face, and an odor of alcohol. Schomp otherwise described defendant as being polite, calm, and cooperative.

Defendant was charged with DWI; refusal to submit to a chemical test; failure to maintain a lane; reckless driving, N.J.S.A. 39:4-96; and improper use of a cellphone, N.J.S.A. 39:4-97.3.

Defendant served an initial discovery request on January 10, 2014. The court appearance was held on January 16, 2014. The matter was adjourned to February 24, 2014 because of incomplete discovery. The municipal prosecutor provided discovery on January 10, 2014, February 19, 2014, December 4, 2014, and January 20, 2015. Discovery was delayed, in part, due to difficulty in obtaining a dashboard video from the police. The discovery delays led to several trial postponements.

The trial was also postponed several times due to defendant's actions. Defendant was out-of-state at one point and failed to appear on September 18, 2014. On November 17, 2014, defendant filed a motion pursuant to State v. Laurick, 120 N.J. 1 (1990). Two days later, defendant advised the municipal court that he had filed an application for post-conviction relief (PCR) that was

scheduled for hearing later that year. Defendant also moved to stay the trial, which was denied on December 29, 2015, and for leave to appeal from the interlocutory order, which was denied on January 7, 2016.

In addition, the January 26, 2015 trial date was adjourned due to inclement weather. Two other trial adjournments were requested by defendant following receipt of complete discovery to allow his experts to review the discovery.

On February 23, 2015, the case was heard by a substitute municipal court judge. On May 13, 2015, the matter was scheduled again, and the municipal court judge determined a trial date needed to be scheduled. The matter was ultimately transferred to Franklin Borough Municipal Court due to a judicial conflict with an anticipated witness.

Defendant moved to dismiss the charges on speedy trial grounds because discovery had been delayed for more than one year. The motion was heard on March 23, 2016. The municipal court judge reserved decision and the trial started that day. Trial recommenced on May 11, 2016.

Schomp testified for the State as its sole witness consistent with the facts set forth above. Defendant moved for judgment of acquittal after the State rested. The judge denied the motion.

A-3558-16T3

Defendant did not testify. He called Dr. Steven Bloomfield as an expert in neurosurgery. Bloomfield testified he performed an independent medical examination of defendant on February 27, 2016. Prior to the examination, Bloomfield had reviewed some of defendant's medical records, the police reports, videos, and police photos. Bloomfield concluded "with a reasonable degree of medical certainty that [defendant] sustained enough injuries to have a concussion, which was associated with significant amnesia and more likely than not was associated with a compromise in his cognitive function, which lead (sic) to poor judgment." Dr. Bloomfield testified that an individual suffering from symptoms of a concussion would have difficulty following the instructions Schomp relayed to defendant during the field tests.

Defendant also called Redina Xhudo as a witness. She testified in her capacity as the owner of Casa Bellisimo, the restaurant where defendant had dined before the accident. Xhudo testified defendant had an appetizer and "two [glasses of] pinot grigio wine."

The third day of trial took place on June 22, 2016. Herbert H. Leckie testified for defendant as an expert in standardized field sobriety testing. Leckie testified that the reliability of the sobriety tests conducted were compromised due to defendant's age, potential injury, improperly given instructions, and

6

issues with test scoring. Leckie conceded that "whatever was shown on those tests has to be taken in conjunction with [defendant's] bloodshot eyes, slurred speech, the admission of drinking, [and] the opinion of the officer." After defendant rested he moved, again, for judgment of acquittal. The municipal court judge denied the motion for judgment of acquittal and the reserved speedy trial motion.

The municipal court judge found defendant guilty of DWI, refusal to submit to chemical tests, and failure to maintain a lane but not guilty of reckless driving and improper use of a cellphone. The court imposed a ten-year license suspension and two-year ignition interlock requirement on the DWI and refusal, and applicable fines and penalties on each offense.

Defendant appealed to the Law Division, which granted a stay of the suspension of his driving privileges subject to extensive conditions. Following a trial de novo, the Law Division judge found defendant guilty of refusal to submit to a chemical test and failure to maintain a lane but not guilty of DWI. Defendant was sentenced to a ten-year license suspension, a two-year ignition interlock requirement on the refusal, and applicable fines and penalties on both offenses.

In his written statement of reasons, the Law Division judge found plaintiff had "established by a preponderance of the evidence that [d]efendant violated the refusal statute." With regard to the speedy trial assertions, the judge noted the delays were attributable to both defendant and the State, and defendant was not prejudiced by the delay.

The judge concluded Schomp had probable cause to arrest defendant for DWI based on his observations and experience, but, ultimately, plaintiff failed to prove beyond a reasonable doubt that defendant was operating a motor vehicle while under the influence, as the DVD recordings of the sobriety tests were not helpful due to lack of quality and, to the extent defendant appeared off-balance during his tests, could have been attributed to the fact that he had just been involved in a car accident, at least in part. This appeal followed.

Defendant raises the following points:

> POINT I
>
> THE SUMMONSES ISSUED TO DEFENDANT, CARROLL T. QUINN, SHOULD BE DISMISSED BECAUSE HIS RIGHT TO A SPEEDY TRIAL AFFORDED BY THE UNITED STATES CONSTITUTION AND ITS APPLICATION TO THE STATE VIA THE FOURTEENTH AMENDMENT HAS BEEN VIOLATED BY THE STATE'S DELAY IN PROVIDING NECESSARY RELEVANT DISCOVERY FOR OVER ONE-YEAR.

A-3558-16T3

POINT II

THE CONVICTION FOR VIOLATING N.J.S.A. 39:4-50.[4a] SHOULD BE REVERSED BECAUSE AT THE TRIAL DE NOVO THE COURT APPLIED THE INCORRECT PREPONDERANCE OF THE EVIDENCE BURDEN OF PROOF AS OPPOSED TO THE PROOF BEYOND A REASONABLE DOUBT STANDARD.

POINT III

NOTWITHSTANDING THE LAW DIVISION'S INCORRECT APPLICATION OF THE BURDEN OF PROOF, THE STATE HAS FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT MR. QUINN IS GUILTY OF REFUSAL TO CONSENT TO A BREATH SAMPLE, CONTRARY TO THE PROVISIONS OF N.J.S.A. 39:4-50.[4a].

Our standard of review is well-settled. The trial judge's factual findings will not be disturbed where they are supported by sufficient credible evidence in the record. State v. Locurto, 157 N.J. 463, 471 (1999). We defer to the trial court's credibility findings. State v. Cerefice, 335 N.J. Super. 374, 383 (App. Div. 2000). In an appeal from a de novo hearing on the record, we consider only the action of the Law Division and not that of the municipal court. State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001).

A determination by a trial judge regarding whether defendant was deprived of his right to a speedy trial should not be overturned unless clearly an

abuse of discretion.  State v. Tsetsekas, 411 N.J. Super. 1, 10 (App. Div. 2009); State v. Merlino, 153 N.J. Super. 12, 17 (App. Div. 1977).  This standard is highly deferential to the trier of fact.  We will only reverse if the decision is shown to be so erroneous that no reasonable analysis could have produced it.

The Sixth Amendment, by way of the Due Process Clause of the Fourteenth Amendment, guarantees the accused the right to a speedy trial in state prosecutions.  Barker v. Wingo, 407 U.S. 514, 515 (1972) (citing Klopfer v. North Carolina, 386 U.S. 213, 222 (1967)); see State v. Szima, 70 N.J. 196, 200-01 (1976) (discussing the speedy-trial right under Art. I, paragraph 10 of the New Jersey Constitution and the federal constitution).

The speedy-trial right protects a defendant's interest in minimizing "pretrial incarceration," the accused's pretrial "anxiety and concern," and delay that impairs the ability to present a defense.  Barker, 407 U.S. at 514. Alleged violations of the speedy trial right are assessed by balancing four factors: "(1) the length of the delay, (2) the reasons for the delay, (3) whether and how defendant asserted his speedy trial right, and (4) the prejudice to defendant caused by the delay."  State v. Townsend, 186 N.J. 473, 487 (2006).

In applying the four-part test, "[n]o single factor is a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial."

Tsetsekas, 411 N.J. Super. at 10 (citing Barker, 407 U.S. at 533). "Rather, the factors are interrelated," and a fact-sensitive analysis is necessary so that each factor is "considered in light of the relevant circumstances of each particular case." Ibid. Each application for dismissal based on speedy trial principles is fact-sensitive, and requires "a case-by-case analysis rather than a bright-line time limitation." State v. Cahill, 213 N.J. 253, 270 (2013). Fairness calls for varying timelines depending on individual circumstances — a delay of 344 days between arrest and resolution was unacceptable in one case, while in another, a thirty-two-month delay was deemed justifiable. Id. at 271.

Defendant argues the delay caused by the State's failure to provide necessary discovery for over one year violated his right to a speedy trial since the discovery requested was always in the possession of the police. We disagree.

Defendant contends he was prejudiced by the delay, asserting this prejudice need not manifest itself, as any person charged with DWI "would experience some measure of anxiety by the existence of a pending and long-unresolved charge," especially if the defendant is facing the possibility of a lengthy mandatory jail term as a repeat offender. Defendant further contends the delay impeded his retention of experts and impacted the weight given to their testimony.

11

Regarding the first and second factors, the length and reasons for the delay, we recognize the delays in providing discovery resulted in trial postponements. However, defendant was also responsible for some of the delay. Defendant's Laurick motion, PCR petition, and interlocutory appeal contributed to the delay, as did his being out-of-state. "[A]ny delay that defendant caused or requested would not weigh in favor of finding a speedy trial violation." State v. Long, 119 N.J. 439, 470 (1990) (quoting State v. Gallegan, 117 N.J. 345, 355 (1989)). There is no indication in the record that the State delayed discovery or used adjournments to gain a tactical advantage. Given these circumstances, the length of the delay did not violate defendant's right to a speedy trial.

The third factor requires defendant to assert the right to a speedy trial. Defendant first asserted that right at trial on March 23, 2016. Defendant did not assert his right to a speedy trial until the first day of trial on March 23, 2016, and did not indicate he was ready to proceed to trial at an earlier time but for the State's delay. See State v. May, 362 N.J. Super. 572, 598 (App. Div. 2003) (considering when and how the defendant asserted his speedy trial right).

The fourth factor considers the prejudice to defendant caused by the delay. Barker "identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to

limit the possibility that the defense will be impaired." Barker, 407 U.S. at 532. Defendant was not incarcerated pretrial. The delay did not cause loss of employment or other opportunities nor did it drain his finances. Defendant's experts received and reviewed the discovery and were able to testify. While defendant claims the delay affected his experts, this argument is unpersuasive.

We are satisfied that defendant's speedy trial rights were not violated. The denial of defendant's motion to dismiss on those grounds was not an abuse of discretion.

Defendant does not argue any other grounds for setting aside his conviction for failure to maintain a lane. Accordingly, his conviction and sentence for that offense are affirmed.

We next address defendant's claim that the Law Division used the wrong standard of proof to determine if he violated the refusal statute. The trial court found defendant violated the refusal statute by a preponderance of the evidence rather than beyond a reasonable doubt. Violations of the refusal statute must be proven beyond a reasonable doubt. State v. Cummings, 184 N.J. 84, 89 (2005). The State concedes the refusal charge must be remanded to the Law Division. We vacate defendant's conviction for refusal to submit to a chemical test and remand to the Law Division to determine whether defendant violated N.J.S.A.

39:4-50.4a beyond a reasonable doubt.  In light of this ruling, we do not reach Point III.

Affirmed in part and vacated and remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3558-16T3