# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5350-16T2

STATE OF NEW JERSEY,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

JASON BLOCK,

      Defendant-Respondent/
      Cross-Appellant.

_____

Submitted October 11, 2018 – Decided November 29, 2018

Before Judges Accurso and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 14-09-0146.

Gurbir S. Grewal, Attorney General, attorney for appellant/cross-respondent (Marie G. McGovern, Deputy Attorney General, of counsel; Thomas Huynh, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, attorney for respondent/cross-appellant (John W. Douard, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

The State appeals from the trial court's order dismissing without prejudice the indictment against Jason Block on speedy-trial grounds; it argues:

POINT I

THE TRIAL COURT CLEARLY ERRED WHEN IT DISMISSED THE INDICTMENT FOR VIOLATING DEFENDANT'S RIGHT TO A SPEEDY TRIAL UNDER RULE 3:25-3 BECAUSE THE STATE DID NOT UNREASONABLY DELAY IN PROSECUTING THIS CASE AND DEFENDANT WAS RESPONSIBLE FOR MANY DELAYS.

A. NEW JERSEY COURTS DETERMINE IF A DELAY VIOLATES A DEFENDANT'S RIGHT TO A SPEEDY TRIAL UNDER RULE 3:25-3 BY EXAMINING THE LENGTH OF THE DELAY, THE REASON FOR THE DELAY, THE ASSERTION OF THE RIGHT BY THE DEFENDANT, AND THE PREJUDICE TO THE DEFENDANT.

B. THE TRIAL COURT CLEARLY ERRED WHEN IT ATTRIBUTED A DELAY OF THIRTY-THREE MONTHS TO THE STATE BECAUSE DEFENDANT'S TWO MOTIONS AND HIS TARDY THIRD PARTY DEFENSE CONTRIBUTED TO THE DELAYS.

C. DEFENDANT DID NOT CLAIM HIS RIGHT TO A SPEEDY TRIAL WAS VIOLATED UNTIL TWO YEARS AFTER INDICTMENT, AND HE EQUIVOCATED WHILE BRINGING THE MOTION.

A-5350-16T2

D.    DEFENDANT'S RIGHT TO A SPEEDY TRIAL WAS CLEARLY NOT PREJUDICED BECAUSE HE WAS NOT INCARCERATED, HIS DEFENSE WAS NOT IMPAIRED, AND DEFENDANT NEVER EXPLAINED HOW THE INDICTMENT PREVENTED HIM FROM FINDING WORK OR CAUSED HIM MENTAL ANGUISH.

Defendant cross-appeals, contending the trial court should have dismissed the indictment with prejudice. We are constrained to reverse and remand this case for the trial court to complete a thorough analysis and balance of the factors that relate to a motion to dismiss on speedy-trial grounds.

On October 24, 2013, defendant was arrested and charged with: second-degree endangering the welfare of a child – offering of child pornography, N.J.S.A. 2C:24-4(b)(5)(a); third-degree endangering the welfare of a child – possession of child pornography, N.J.S.A. 2C:24-4(b)(5)(b); and third-degree computer theft – unauthorized access, N.J.S.A. 2C:20-25(a). An indictment, returned September 28, 2014, charged defendant with: second-degree endangering the welfare of a child – distribution of child pornography, N.J.S.A. 2C:24-4(b)(5)(a) (count one); second-degree endangering the welfare of a child – distribution of child pornography, N.J.S.A. 2C:24-4(b)(5)(a)(iii) (count two); and third-degree endangering the welfare of a child – possession of child

3

pornography, N.J.S.A. 2C:24-4(b)(5)(b) (count three).  In granting defendant's

June 30, 2017 motion to dismiss, the trial court orally ruled:

> The [c]ourt has to consider four factors; the length of the delay, the reasons for the delay, defendant's assertions of his rights and prejudice to the defendant.
>
> The length of delay in this case has been [thirty-three] months and counting.  It's been three years.  There's been a couple defense motions, but even with the two defense motions the delay has been substantial.
>
> The reason for delays are discovery issues that lay at the feet of the State.  Defendant has asserted his right to a speedy trial and the [c]ourt finds that there is prejudice to the defendant. While defendant is not incarcerated, which would certainly indicate there's a clear prejudice, but defendant is prejudiced nevertheless.
>
> The weight of having an indictment over his head for a substantial period of time curtails his ability to find adequate employment.  He's still on bail conditions unnecessarily restricting his liberty.  He's presumed innocent, but he has been proceeding the last three years under the weight of this indictment and the State has delayed in bringing this case to a trial or to conclusion.
>
> And so for all those reasons the State -- the [c]ourt finds the State violated defendant's speedy trial protections and will dismiss without prejudice.

The four-part test to determine when a violation of a defendant's speedy-

trial rights contravenes due process — announced in Barker v. Wingo, 407 U.S.

4

514, 530-33 (1972) and subsequently adopted by our Supreme Court in State v. Szima, 70 N.J. 196, 200-01 (1976) — requires "[c]ourts [to] consider and balance the '[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.'" State v. Tsetsekas, 411 N.J. Super. 1, 8 (App. Div. 2009) (third alteration in original) (quoting Barker, 407 U.S. at 530). "No single factor is a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial." Id. at 10. Our Supreme Court has "decline[d] to adopt a rigid bright-line try-or-dismiss rule," instead continuing its commitment to a "case-by-case analysis," under the Barker balancing test; it has acknowledged "that facts of an individual case are the best indicators of whether a right to a speedy trial has been violated." State v. Cahill, 213 N.J. 253, 270-71 (2013).

Inasmuch as we are remanding this matter for the trial court to conduct such an analysis, we review each factor to offer some guidance in completing that task.

The first factor – the length of time – is a "triggering mechanism" and "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity" for the court to balance the other factors. Barker, 407 U.S. at 530. "[T]he length of delay that will provoke such an inquiry is necessarily dependent

upon the peculiar circumstances of the case." Id. at 530-31 (footnote omitted) (adding "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge"). Although the length of time this matter has been pending is obviously long, the trial court should consider the passage of time not from the date of indictment as it did, but from defendant's arrest. State v. Fulford, 349 N.J. Super. 183, 190 (App. Div. 2002) (citing Szima, 70 N.J. at 199-200). The court should also factor the complexity of the case, if and to the extent it so finds.

"Barker's second prong examines the length of a delay in light of the culpability of the parties." Tsetsekas, 411 N.J. Super. at 12 (citing Barker, 407 U.S. at 529). Trial courts, in reviewing "the chronology of the delay," should "divide the time into discrete periods of delay" and attribute each delay to the State, defendant or the judiciary. State v. May, 362 N.J. Super. 572, 596, 600 (App. Div. 2003) (affirming a trial court which examined the chronology of the case as discrete periods of delay). Thereafter, "different weights should be assigned to different reasons" proffered to justify a delay. Barker, 407 U.S. at 531. Purposeful delay tactics weigh heavily against the State. Tsetsekas, 411 N.J. Super. at 12 (citing Barker, 407 U.S. at 531). "A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but

6

nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." Barker, 407 U.S. at 531. "[A] valid reason, such as a missing witness, should serve to justify appropriate delay." Ibid. And, "[d]elay caused or requested by the defendant is not considered to weigh in favor of finding a speedy trial violation." State v. Farrell, 320 N.J. Super. 425, 446 (App. Div. 1999) (first citing State v. Gallegan, 117 N.J. 345, 355 (1989) and then citing State v. Marcus, 294 N.J. Super. 267, 293 (App. Div. 1996)). The trial court, in concluding "[t]he reason for delays are discovery issues that lay at the feet of the State," did not conduct the required analysis.

In completing the foregoing second-prong analysis, the trial court must categorize, attribute and weigh the circumstances and court proceedings that transpired during the pendency of this case including: the filing, hearing and decision dates relating to defendant's motion to suppress items seized from his home and Miranda motion;[1] the discovery periods related to defendant's third-party defense, including the State's emergent request to the Regional Forensics Laboratory for a study of defendant's computer; and the State's requests related to the investigation of the Canadian dating website. That analysis should include

_____

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

the timing of investigation and discovery requests, the complexities of those investigations and requests, see, e.g., State v. Gaikwad, 349 N.J. Super. 62, 88 (App. Div. 2002) (observing the delay in a computer crimes case "appears to have been the result of the complexity of the subject matter of the case and not '[a] deliberate attempt to delay the trial in order to hamper the defense'" (quoting Barker, 407 U.S. at 531)), and the impact of outside factors on any investigation or discovery request, such as the procedures required under the Treaty on Mutual Legal Assistance in Criminal Matters and guidelines applicable thereto; the court should also consider the diligence with which investigations and discovery requests were pursued. So too, the trial court should consider the outcomes of any discovery request or investigation, including the benefit provided to each party; that is, whether further criminal charges were revealed or information regarding a third-party defense resulted. Of course, we do not limit the court's analysis to these areas. All delays, such as those caused by substitution of counsel, adjournment requests or any other reason, should receive a thorough review.

In analyzing a defendant's assertion of speedy-trial rights, a court may consider "the frequency and force of the [defendant's] objections" when assessing whether the defendant properly invoked the right. Barker, 407 U.S. at

529. This third factor "is closely related to the other factors" and "is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." Barker, 407 U.S. at 531-32. We note defendant did not move to dismiss the indictment until the State completed the investigation of his third-party defense and was about to seek a superseding indictment charging new crimes. The court should consider defendant's reasons – including possible tactical reasons – for refraining from asserting his speedy-trial rights until the State completed that investigation. The trial court's analysis must extend beyond merely concluding that defendant asserted his rights.

The fourth prong of the Barker test considers the prejudice to a defendant caused by delay. "[P]roof of actual trial prejudice is not 'a necessary condition precedent to the vindication of the speedy trial guarantee.'" Tsetsekas, 411 N.J. Super. at 13-14 (quoting State v. Merlino, 153 N.J. Super. 12, 15 (App. Div. 1977)). Although the delay may not prejudice a

> defendant's liberty interest or his [or her] ability to defend on the merits[,] . . . significant prejudice may also arise when the delay causes the loss of employment or other opportunities, humiliation, the anxiety in awaiting disposition of the pending charges, the drain in finances incurred for payment of counsel or expert witness fees and the "other costs and inconveniences far in excess of what would have been reasonable under more acceptable circumstances."

The impairment of an accused's defense is considered "the most serious since it [goes] to the question of fundamental fairness." Szima, 70 N.J. at 201.

The trial court found "the weight of having an indictment over his head for a substantial period of time curtail[ed] [defendant's] ability to find adequate employment. He's still on bail conditions unnecessarily restricting his liberty."[2] The court did not, however, set forth the factual basis for its findings or analyze the prejudice or lack thereof to defendant's case, e.g., any impact on witnesses or his defense; did not say how the delay curtailed defendant's "ability to find adequate employment"; or recognize the difference between personal hardship – considering he was on bail – and prejudice to defendant's case. Such details are important because "facts of an individual case are the best indicators of whether a right to a speedy trial has been violated." Cahill, 213 N.J. at 270. Moreover, a defendant "must present concrete evidence showing material harm" because "actual prejudice, not possible or presumed prejudice, is required to support a due process claim." State v. Aguirre, 287 N.J. Super. 128, 133-35 (App. Div. 1996) (finding defendant failed to present evidence of actual prejudice beyond a "conclusory claim that witnesses became unavailable").

---

[2] This was a pre-bail reform case.

In May, we determined the trial court "did not err in its consideration and application of the four Barker factors in denying defendant's motion to dismiss the indictment on speedy-trial grounds." 362 N.J. Super. at 600. We concluded the trial court properly found defendant did not meet the prejudice prong because, although defendant experienced the "personal hardship of having the crime hanging over him for the preceding two years . . . [,] the delay had no adverse impact on his ability to defend." Id. at 599. Indeed, we held the trial's delay was an advantage to defendant because "[i]t provided him with a [previously unavailable] defense to the crimes charged against him." Ibid. While we do not suggest any particular result to the trial court, it is required to perform a similar fact-sensitive analysis, and to set forth its specific findings of facts and conclusions of law. R. 1:7-4(a). "[T]he difficult task of balancing all the relevant factors relating to the respective interests of the State and the defendant[]," and applying the court's "subjective reactions to the particular circumstances [to] arrive[] at a just conclusion" is delegated to the trial judge. Merlino, 153 N.J. Super. at 17.

If the trial court, after completing its task, determines that dismissal of the indictment is warranted, we note the United States Supreme Court recognized that a speedy-trial violation "leads to the unsatisfactorily severe remedy of

dismissal of the indictment . . . This is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried." Barker, 407 U.S. at 522. The Court held that result was "the only possible remedy." Ibid. As such, dismissal with prejudice is the obligatory disposition.

We determine defendant's claim of ineffective assistance of counsel to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5350-16T2