## NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0900-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MILAN SHAH,

    Defendant-Appellant.

_____

> Argued November 6, 2019 – Decided November 26, 2019
>
> Before Judges Yannotti and Firko.
>
> On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Municipal Appeal No. 18-15.
>
> Greggory M. Marootian argued the cause for appellant.
>
> Natacha Despinos Peavey, Assistant Prosecutor, argued the cause for respondent (Michael H. Robertson, Somerset County Prosecutor, attorney; Natacha Despinos Peavey, of counsel and on the brief).

PER CURIAM

Defendant Milan Shah appeals from his conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50. The court sentenced defendant to a ninety-day license suspension, imposed applicable fines and costs, and required defendant to spend twelve hours at the Intoxicated Driver Resource Center. For the reasons that follow, we affirm.

I.

On October 9, 2016, New Jersey State Trooper Harris observed defendant failing to maintain lanes on Interstate 78 westbound in Warren Township. Trooper Harris effectuated a motor vehicle stop and detected the odor of alcohol first emanating from the interior of the vehicle, then on defendant's breath. Defendant admitted having a couple of beers that night. His speech was slow. A series of field sobriety tests were conducted by Trooper Harris on defendant. He swayed and was unable to perform the Walk and Turn Test or the One-Leg Stand Test.

Trooper Harris noticed defendant's eyes were bloodshot. He was unable to perform the Horizontal Gaze Nystagmus Test. Defendant was arrested for DWI, N.J.S.A. 39:4-50, and brought to the processing area, where he was informed of his Miranda rights,[1] advised of his obligation to provide breath

_____

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-0900-18T3

samples, and read the Attorney General's Standard Statement For Motor Vehicle Operators, N.J.S.A. 39:4-50.2(e).

When asked to submit samples of his breath for testing, he initially agreed but later refused. An Alcotest was administered but defendant did not provide the minimum volume of air necessary to perform the test.

Defendant was charged with DWI; failing to consent to provide breath samples, N.J.S.A. 39:4-50.2; refusing to submit to a breath test, N.J.S.A. 39:4-50.4(a); failing to maintain a lane of travel, N.J.S.A. 39:4-88(b); and careless driving, N.J.S.A. 39:4-97.

On October 17, 2016, defendant pled not guilty, served an initial discovery request, and demanded a speedy trial. The matter was scheduled for November 29, 2016, but adjourned until January 3, 2017 because defendant wanted to retain an expert. A defense expert report was not served by January 3, 2017, necessitating another adjournment to January 10, 2017.

By consent, the parties agreed to adjourn the trial until February 21, 2017, to discuss a possible resolution. The February 21, 2017 trial date was postponed, at defendant's request, because he wanted to review the State's plea offer with his immigration attorney and his expert report had not yet been served. The trial was rescheduled to March 24, 2017.

A-0900-18T3

The March 24, 2017 trial date had to be adjourned because Trooper Harris was involved in a car accident and was unable to appear. The matter was tentatively rescheduled for May 16, 2017, but had to be adjourned because the court had an older DWI case to try that day. Trooper Harris was unavailable until September 2017. Defense counsel served a second medical expert report on June 7, 2017. The first firm trial date assigned was September 5, 2017. Prior to that date, the municipal prosecutor advised defense counsel that Trooper Harris was deployed on assignment by the National Guard and was unavailable to testify.

Defendant moved to dismiss on speedy trial grounds but the motion was denied. The matter was rescheduled for September 29, 2017, and adjourned at defendant's request because his experts were unavailable to testify that day. The trial was relisted for October 31, 2017. Defendant renewed his motion to dismiss, but no ruling was made at that time.

Prior thereto, the municipal prosecutor informed defense counsel that Trooper Harris was on active deployment in Puerto Rico to assist with Hurricane Maria relief efforts. The judge adjourned the trial, noting this was a justifiable cause. Another trial date was not assigned for the next two months because the presiding municipal judge was not reappointed. On February 6, 2018, the acting

A-0900-18T3

municipal judge rescheduled the matter for March 27, 2018, before the newly appointed judge, who in turn assigned an April 10, 2018 trial date.

Defendant again moved to dismiss. The municipal court judge denied the motion, noting delays were attributable to both defendant and the State, and defendant was not prejudiced by the 545-day delay.[2] Further, defendant's Visa did not expire until the end of 2019, providing him with "over a year and a half to address any Visa concerns." On April 10, 2018, defendant entered a conditional plea of guilty to DWI, and the State agreed to dismiss the other charges.

Thereafter, defendant appealed to the Law Division. Following a hearing de novo, the Law Division judge found that length of the delay was only one factor to consider and denial of defendant's motion to dismiss was proper. In his written statement of reasons, the Law Division judge found "the delays were ultimately explainable, attributable to both parties, and resulted in no prejudice to . . . defendant." The judge also explained that:

> [d]efense [counsel] requested two month long adjournments so that [he] could obtain expert witnesses and seek legal advice in regard to his immigration status. One adjournment was the result of the municipal court judge retiring. The adjournments requested by the State stem from the absence of Trooper Harris, a

---

[2] Defendant asserts there was a 548-day delay.

A-0900-18T3

key witness. Trooper Harris's absences were not the result of choice, as he was called to serve in the National Guard and was in a car accident. While [in] one instance his absence was the result of a scheduling mix-up, the delays and adjournments the State requested were not the result of the State delaying the process purposefully nor the result of the State being unprepared.

In addition, the judge found defendant had asserted his right to a speedy trial throughout, but defendant failed to show he was prejudiced by the delay. Defendant did not show the delay adversely affected his ability to defend the charges. He also claimed the delay caused him to suffer adverse psychological and financial impacts, but the judge observed "these are circumstances experienced by all defendants when facing pending prosecution."

The judge concluded the denial of defendant's motion to dismiss was proper. This appeal followed.

On appeal, defendant raises the following point:

THE STAGGERING 548-DAY DELAY, FROM THE DATE THE COMPLAINTS WERE ISSUED, OCTOBER 9, 2016, TO THE MUNICIPAL COURT RESOLUTION, APRIL 10, 2018, VIOLATED SHAH'S CONSTITUTIONALLY GUARANTEED SPEEDY TRIAL RIGHTS, DELAYS LARGELY CREATED BECAUSE THE STATE'S WITNESS, THE ARRESTING [NEW JERSEY] STATE TROOPER, WOULD NOT APPEAR FOR TRIAL UNLESS HE WAS ON DUTY (BECAUSE THE STATE DID NOT WANT TO PAY OVERTIME), THE

6

TROOPER FAILED TO TIMELY ADVISE THE COURT REGARDING HIS COMMITMENTS, AND THE COURT WAS UNABLE TO ACCOMMODATE A TRIAL, CONSITUTIONAL TRANSGRESSIONS COMPOUNDED BY THE COURT'S REFUSAL TO HONOR 'TRY OR DISMISS' TRIAL MARKINGS, VIOLATING SHAH'S DUE PROCESS RIGHTS TO A FUNDAMENTALLY FAIR PROCESS.

After reviewing the record in light of the contentions on appeal and the applicable law, we reject defendant's speedy trial arguments, and further conclude that the trial court's ruling on the speedy trial motion is supported by sufficient, credible evidence in the trial record. Accordingly, we affirm.

II.

Our standard of review is well-settled. The trial judge's factual findings will not be disturbed where they are supported by sufficient credible evidence in the record. State v. Locurto, 157 N.J. 463, 471 (1999). We defer to the trial court's credibility findings. State v. Cerefice, 335 N.J. Super. 374, 383 (App. Div. 2000). In an appeal from a de novo hearing on the record, we consider only the action of the Law Division and not that of the municipal court. State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001).

A determination by a trial judge regarding whether defendant was deprived of his right to a speedy trial should not be overturned unless it was clearly an abuse of discretion. State v. Tsetsekas, 411 N.J. Super. 1, 10 (App.

A-0900-18T3

Div. 2009); State v. Merlino, 153 N.J. Super. 12, 17 (App. Div. 1977). This standard is highly deferential to the trier of fact. We will only reverse if the decision is shown to be so erroneous that no reasonable analysis could have produced it.

The Sixth Amendment, by way of the Due Process Clause of the Fourteenth Amendment, guarantees the accused the right to a speedy trial in state prosecutions. Barker v. Wingo, 407 U.S. 514, 515 (1972) (citing Klopfer v. North Carolina, 386 U.S. 213, 222 (1967)); see State v. Szima, 70 N.J. 196, 200-01 (1976) (discussing the speedy-trial right under Art. I, paragraph 10 of the New Jersey Constitution and the federal Constitution).

The speedy-trial right protects a defendant's interest in minimizing "pretrial incarceration," the accused's pretrial "anxiety and concern," and delay that impairs the ability to present a defense. Barker, 407 U.S. at 532. Alleged violations of the speedy-trial right are assessed by balancing four factors: "(1) the length of the delay[;] (2) the reasons for the delay[;] (3) whether and how defendant asserted his speedy[-]trial right[;] and (4) the prejudice to defendant caused by the delay." State v. Townsend, 186 N.J. 473, 487 (2006).

In applying the four-part test, "[n]o single factor is a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial."

8

Tsetsekas, 411 N.J. Super. at 10 (citing Barker, 407 U.S. at 533).  "Rather, the factors are interrelated," and a fact-sensitive analysis is necessary so that each factor is "considered in light of the relevant circumstances of each particular case."  Ibid.  Each application for dismissal based on speedy trial principles is fact-sensitive, and requires "a case-by-case analysis rather than a bright-line time limitation . . . ."  State v. Cahill, 213 N.J. 253, 270 (2013).  Fairness calls for varying timelines depending on individual circumstances—a delay of 344 days between arrest and resolution was unacceptable in one case, while in another, a thirty-two-month delay was deemed justifiable.  Id. at 271.

Regarding the first and second factors, the length and reasons for the delay, we recognize the delays in Trooper Harris being unavailable resulted in trial postponements.  However, defendant was also responsible for some of the delay.  Defendant's service of expert reports and request to confer with his immigration attorney about the State's plea offer contributed to the delay.  "[A]ny delay that defendant caused or requested would not weigh in favor of finding a speedy trial violation."  State v. Long, 119 N.J. 439, 470 (1990) (quoting State v. Gallegan, 117 N.J. 345, 355 (1989)).

A-0900-18T3

There is no indication in the record that the State used adjournments to gain a tactical advantage. Given these circumstances, the length of the delay does not weigh against the State.

The third factor requires defendant to assert the right to a speedy trial. Defendant first asserted that right on October 17, 2016. But he was not ready to proceed to trial on that date until after service of his expert reports and after he spoke with his immigration attorney. Under these circumstances, we decline to weigh the third factor in defendant's favor.

Finally, as to the fourth factor, except for pre-verdict anxiety, stress, and personal inconvenience, the lack of significant prejudice suffered by defendant militates against dismissal of his case. As the trial court recognized, defendant was not subject to pretrial incarceration, his driver's license was not suspended, and he was free to handle his personal affairs. Accordingly, measured against the four <u>Barker</u> factors, we conclude there was no violation of defendant's constitutional speedy trial right.

We conclude that the remaining arguments—to the extent we have not addressed them—lack sufficient merit to warrant any further discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0900-18T3