**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5668-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JENNIFER MUSUMECI,

    Defendant-Appellant.

_____

Submitted June 3, 2020 – Decided June 26, 2020

Before Judges Fuentes, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Municipal Appeal No. 1-19.

Crammer Bishop & O'Brien, PC, attorneys for appellant (Timothy Mark Zanghi, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John Joseph Santoliquido, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jennifer Musumeci appeals from her conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50. We affirm, substantially for the reasons set forth in Judge Jeffrey J. Waldman's July 17, 2019 well-reasoned opinion.[1]

On December 5, 2017, defendant was driving on the Garden State Parkway in Galloway when she was stopped by the State Police due to an unsafe lane change, N.J.S.A. 39:4-88(b). The trooper who conducted the stop detected alcohol on defendant's breath, so she was asked to perform field sobriety tests. Defendant was unable to (1) recite the alphabet correctly; (2) follow the trooper's directions on the walk-and turn; and (3) walk in a straight line. She was arrested, brought to the State Police barracks to submit to an Alcotest,[2] and subsequently charged with DWI, as well as various motor vehicle violations.

Defendant appeared in municipal court with counsel on December 11, 2017 and invoked her right to a speedy trial. At defendant's next court appearance in February 2018, defense counsel advised the court he was not

---

[1]  Judge Waldman's order of July 17, 2019 was amended on July 22, 2019 to include jail credits due defendant.

[2]  As noted in Judge Waldman's written opinion, no information regarding defendant's blood alcohol reading was placed on the record during her plea colloquy on December 13, 2018.

ready to proceed based on outstanding discovery. Additional discovery concerns were addressed in March 2018. Defense counsel had another commitment when the matter was heard again in April 2018, so substitute counsel who was "unfamiliar with the case" stood in for him.

Defendant did not personally appear at her August 2018 hearing because she was undergoing treatment and unable to attend. However, defense counsel reviewed discovery issues with the municipal prosecutor at that hearing. Specifically, they discussed the fact that the State Police refused to release the in-station video requested by the defense, due to security concerns. Although the municipal court judge declined to order the State Police to release the video due to the stated concerns, the municipal prosecutor advised that defense counsel could view the video at the State Police barracks.

After defense counsel represented he had all other discovery, the judge asked about a trial date. Defendant's attorney responded, "[a]t this point, I would like to do another status [conference]." He added, "I'm not sure how long [defendant is] going to be receiving treatment." When the judge indicated he would set the matter down for a trial date, defense counsel stated, "Judge, if we could do a status date because I most likely am going to need to retain an expert."

3

The judge acknowledged the defense's request and scheduled trial for October 11, 2018. Defense counsel conceded that date would "certainly work."

On October 11, 2018, the parties appeared for trial, but the State's witness, the trooper who conducted the motor vehicle stop, did not appear. Defense counsel moved to dismiss the charges based on a violation of defendant's right to a speedy trial and for lack of prosecution. Recognizing that the prosecutor on that date was new to the case, the municipal court judge decided the matter should be decided on its merits and denied defendant's motions. The judge adjourned the trial to "a drop[-]dead date" in December.

The parties returned to court in December 2018, at which time defense counsel moved for the municipal court judge to recuse himself due to his awareness of defendant's prior DWI convictions and the judge's comments to the prosecutor about where he could obtain certain discovery pertaining to the Alcotest. Defense counsel also moved to exclude the Alcotest reading, claiming he had not reviewed the State Police video. The judge denied the recusal motion and held the motion to exclude the Alcotest reading in abeyance pending the trooper's testimony at trial. Based on the results of these motions, defendant pled guilty to DWI and was sentenced as a third offender.

A-5668-18T1

In her plea colloquy, defendant admitted that before she was arrested, she consumed four or five beers in Atlantic City and then drove her vehicle. Further, defendant conceded she was under the influence of alcohol when she operated her car. Additionally, defendant acknowledged her performance on the field sobriety tests was adversely affected by her consumption of alcohol.

In March 2019, defendant appealed her conviction, arguing again that her right to a speedy trial was violated, the municipal judge erred by failing to recuse himself, and the matter should have been dismissed for lack of prosecution. After a de novo trial in the Law Division, Judge Waldman rejected these arguments and found defendant guilty of DWI.

On appeal, defendant renews the arguments she previously raised and requests that her conviction for DWI be reversed on the following grounds:

    I.    The defendant's right to a speedy trial was violated.

    II.    The municipal court judge should have recused himself.

    III.    The municipal court should have dismissed this action for lack of prosecution.

We are not persuaded.

On appeal from a municipal court to the Law Division, the review is de novo on the record. R. 3:23-8(a)(2). The Law Division judge must make

independent findings of fact and conclusions of law but defers to the municipal court's credibility findings.  State v. Robertson, 228 N.J. 138, 147 (2017). Unlike the Law Division, however, we do not independently assess the evidence. State v. Locurto, 157 N.J. 463, 471-72 (1999).  Our "standard of review of a de novo verdict after a municipal court trial is to determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole."  State v. Ebert, 377 N.J. Super. 1, 8 (App. Div. 2005) (citation omitted).

The rule of deference is more compelling where, as here, the municipal and Law Division judges made concurrent findings.  Locurto, 157 N.J. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error."  Ibid. "Therefore, appellate review of the factual and credibility findings of the municipal court and the Law Division 'is exceedingly narrow.'"  State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470).  However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The Sixth Amendment, by way of the Due Process Clause of the Fourteenth Amendment, guarantees the accused the right to a speedy trial in state prosecutions. Barker v. Wingo, 407 U.S. 514, 515 (1972) (citing Klopfer v. North Carolina, 386 U.S. 213, 222 (1967)); see State v. Szima, 70 N.J. 196, 200-01 (1976) (discussing the speedy-trial right under Art. I, ¶ 10 of the New Jersey Constitution, and the United States Constitution).

A determination by a trial judge regarding whether defendant was deprived of his or her right to a speedy trial should not be overturned unless it was clearly an abuse of discretion. State v. Tsetsekas, 411 N.J. Super. 1, 10 (App. Div. 2009); State v. Merlino, 153 N.J. Super. 12, 17 (App. Div. 1977). This standard is highly deferential to the trier of fact. We will only reverse if the decision is shown to be so erroneous that no reasonable analysis could have produced it.

In his comprehensive decision, Judge Waldman engaged in a painstaking analysis of the Barker factors as they related to the procedural history of this case. The judge concluded that "[o]verall, when considered as a whole, the delays in this case were not unreasonable or unexplained, nor were they the result of the State attempting to hamper defendant's ability to defend herself." Further, the judge concluded, "it is clear [defendant] did not suffer prejudice."

A-5668-18T1

Additionally, Judge Waldman found defendant's motion to dismiss for lack of prosecution was properly denied because "a case should be decided on its merits." Citing to State v. Prickett, 240 N.J. 139, 147 (App. Div. 1990), the judge noted that "a municipal court judge should not automatically dismiss a drunk-driving complaint when the police officer fails to appear." In light of Judge Waldman's factual findings, to which we owe deference, we find his legal conclusions unassailable.

We are similarly unconvinced by defendant's argument that the municipal court judge should have recused himself because he was aware of her prior DWI convictions and because he advised the municipal prosecutor where the State could expeditiously secure certain outstanding discovery.

After applying both the guidelines codified in Rule 1:12-1(g) and the "appearance of impropriety" standard the Supreme Court articulated in State v. McCabe, 201 N.J. 34, 42 (2010), Judge Waldman found no legal basis to question the municipal court judge's impartiality. Judge Waldman concluded recusal was unnecessary, "regardless of who first told the judge about defendant's prior DWI convictions, [because] the judge [was] able to properly exclude that information from his decision-making process." We agree.

8

Judge Waldman also found the municipal court judge was not compelled to recuse himself for telling the municipal prosecutor where to access specific discovery because he "was only acting to ensure that the case could proceed as scheduled, and he would have done the same for defendant if necessary." Again, we agree.

Our review of this matter, in light of the contentions on appeal and the applicable law, satisfies us Judge Waldman's rulings are supported by sufficient, credible evidence in the record. Accordingly, we perceive no basis to disturb defendant's conviction and sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5668-18T1