**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4524-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ORAINE D. BROWN,

    Defendant-Appellant.

_____

Submitted September 28, 2021 – Decided October 12, 2021

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 19-06-1656.

Law Offices of Jef Henninger, attorneys for appellant (Jef Henninger, on the briefs).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Oraine Brown appeals his conviction and sentence to five years' imprisonment with a forty-two-month term of parole ineligibility pursuant to the Graves Act, N.J.S.A. 2C:43-6. He argues the trial court erred in denying his motion for judgment of acquittal, and further erred in not conducting a post-verdict voir dire of a juror. We disagree as to both points, and we affirm for the reasons set forth below.

After a trial, defendant was convicted of second-degree weapons charges, N.J.S.A. 2C:39-5(b). Subsequent to trial but before the July 31, 2020 sentencing, defendant filed a timely motion for judgment of acquittal pursuant to Rule 3:18-2. Just days before sentencing, on July 22, a court employee received a short email from a source purporting to be juror number twelve from defendant's trial. The email stated that the writer wished to "communicate to [the trial court] prior to the [sentencing] hearing that [they] have come to regret [their] verdict."

At sentencing, the trial court denied the motion for acquittal. The court also noted that it had reviewed the July 22 email and found its content insufficient to justify further inquiry. After disposing of these matters, the court sentenced defendant.

Defendant appeals, making the following arguments:

I. THE TRIAL COURT ERRED WHEN DENYING MR. BROWN'S MOTION FOR JUDGMENT OF ACQUITTAL BECAUSE DISCOVERY WAS IMPROPERLY EXTENDED IN THIS CASE CAUSING A DELAY IN PROSECUTION WHICH PROVIDED THE STATE WITH AN UNFAIR ADVANTAGE AT TRIAL.

II. MR. BROWN'S SENTENCE SHOULD BE REVERSED DUE TO THE LACK OF A JUDICIAL INQUIRY REGARDING THE EMAIL SENT PRIOR TO SENTENCING FROM JUROR NUMER 12 TO A NJ COURT EMPLOYEE EXPRESSING JUROR NUMBER 12'S REGRET OF THE VERDICT IN THIS CASE (Not Raised Below).

In his first point, defendant argues that his right to a speedy trial was violated when the trial court adjourned, over defendant's initial objection, the January 6, 2020 trial date to February 10 at the request of the State. We disagree.

It is well-settled that "[t]he right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and imposed on the states by the Due Process Clause of the Fourteenth Amendment." State v. Tsetsekas, 411 N.J. Super. 1, 8 (App. Div. 2009) (citing Klopfer v. North Carolina, 386 U.S. 213, 222-23 (1967)). "The constitutional right . . . attaches upon defendant's arrest." Ibid. (alteration in the original) (quoting State v. Fulford, 349 N.J. Super. 183, 190 (App. Div. 2002)). Since it is the State's duty to promptly bring a case to trial, "[a]s a matter of fundamental fairness," the State

must avoid "excessive delay in completing a prosecution[,]" or risk violating "defendant's constitutional right to speedy trial." Ibid.

The four-part test to determine if a defendant's speedy-trial right has been violated was announced in Barker v. Wingo, 407 U.S. 514, 530-33 (1972) and adopted by our Supreme Court in State v. Szima, 70 N.J. 196, 200-01 (1976). The test requires "[c]ourts [to] consider and balance the '[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.'" Tsetsekas, 411 N.J. Super. at 8 (quoting Barker, 407 U.S. at 530). "No single factor is a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial." Id. at 10 (citing Barker, 407 U.S. at 533). Courts are required to analyze each interrelated factor "in light of the relevant circumstances of each particular case." Ibid. We will not overturn a trial judge's decision whether a defendant was deprived of due process on speedy-trial grounds unless the judge's ruling was clearly erroneous. State v. Merlino, 153 N.J. Super. 12, 17 (App. Div. 1977).

The trial court reviewed the procedural history of the case under the four Barker factors. The court found that a trial postponement of thirty-four days was not undue delay where the State sought the adjournment to provide defendant new discovery, including a fingerprint analysis of the subject

handgun. The court next found no prejudice in the short delay, as defendant "was not subject to pre-trial incarceration[,] and he was free to handle his personal affairs."[1] Finally, the judge noted that the new discovery contained evidence beneficial to defendant, as it showed no fingerprints were recovered on the handgun.

We turn to defendant's second point, that the email purportedly sent from juror number twelve warranted a "reversal of [his] sentence." We treat this argument, not raised below, as a motion to seek leave for a post-verdict interrogation of the juror pursuant to Rule 1:16-1.

Appellate courts will not consider questions or issues not properly presented to the trial court, unless the question raised on appeal goes to the jurisdiction of the trial court or concerns matters of great public concern. State v. Robinson, 200 N.J. 1, 20 (2009) (citing Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). Here, the email was sent after defendant's motion for judgment of acquittal had been filed and nine days before the motion hearing was scheduled. Although defendant did not file the appropriate motion for

---

[1] Although not addressed by the trial court in its July 31 decision before sentencing, the record shows defendant asserted his speedy trial right in a timely fashion by objecting to the State's adjournment request on January 6 before a different judge.

consideration, the trial court nevertheless reviewed the email and found that its statement was insufficient to "investigate the thought processes which induced a particular juror to join in a verdict." State v. Athorn, 46 N.J. 247, 253 (1966).

Calling back a jury for questioning following discharge is an "extraordinary procedure," to be utilized "only upon a strong showing that a litigant may have been harmed by jury misconduct." Davis v. Husain, 220 N.J. 270, 279 (2014) (citations omitted). No such strong showing exists here. The email, at best, represents an unspecified expression of regret, assuming the author of the email is actually juror number twelve. Its contents allege no "event or occurrence injected into the deliberation in which the capacity for prejudice inheres." State v. Loftin, 146 N.J. 295, 381 (1996) (citation omitted). The trial court found the email was "insufficient" to order a post-verdict interrogation of juror number twelve, or any juror from the panel. We discern no basis in the record to disturb the trial court's conclusion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4524-19