**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."  Although it is posted on the
internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4103-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

STEVEN A. MELEIKA,

     Defendant-Appellant.

_____

          Submitted January 3, 2022 – Decided February 24, 2022

          Before Judges Sumners and Firko.

          On appeal from the Superior Court of New Jersey, Law
          Division, Hudson County, Indictment No. 15-10-1343.

          Joseph E. Krakora, Public Defender, attorney for
          appellant (Abby P. Schwartz, Designated Counsel, on
          the brief).

          Esther Suarez, Hudson County Prosecutor, attorney for
          respondent (Ednin D. Martinez, Assistant Prosecutor, on
          the brief).

PER CURIAM

Defendant Steven A. Meleika appeals from an order denying his post-conviction relief (PCR) petition without an evidentiary hearing. He argues:

POINT I

BY NOT REPRESENTING DEFENDANT ON HIS MOTION TO WITHDRAW HIS GUILTY PLEA COUNSEL WAS INEFFECTIVE AND DEPRIVED DEFENDANT OF HIS RIGHT TO COUNSEL AND A FAIR TRIAL. (Not Raised Below.)

POINT II

COUNSEL'S FAILURE TO RAISE THE VIOLATION OF DEFENDANT'S RIGHT TO A SPEEDY TRIAL WAS INEFFECTIVE ASSI[S]TANCE OF COUNSEL, AND VIOLATED HIS RIGHT TO COUNSEL AND A FAIR TRIAL.

We are unpersuaded by these arguments and affirm.

I

On April 29, 2015, defendant was arrested and jailed arising from a drive-by shooting of a victim shot in the upper back, occurring three days earlier. On October 8, defendant was indicted for twelve offenses, including allegations of first-degree attempted murder, second-degree weapon (a handgun) possession, and third-degree aggravated assault. Defendant's father was also charged in the same indictment with third-degree hindering the apprehension of another and fourth-degree obstruction of the administration of law.

2

Seven months after being indicted, on May 16, 2016, defendant pled guilty to fourth-degree pointing a weapon at another person. The plea agreement called for the State's recommendation of an eighteen-month prison term with an eighteen-month period of parole ineligibility as a Graves Act, N.J.S.A. 2C:43-6(c), offense and the dismissal of the remaining charges against him. In addition, all charges against defendant's father were dismissed.

On December 16, defendant appeared for sentencing. Against his trial counsel's advice, he moved to withdraw his guilty plea. Counsel informed the court that because defendant disagreed with the application, he wanted to represent himself. Defendant was allowed to argue the motion, which the court denied. The court then imposed a sentence in accordance with the State's recommendation and granted defendant 597 days of jail credits. Defendant did not file a direct appeal.

On August 19, 2019, defendant, who was no longer confined, filed a pro se petition for post-conviction relief alleging trial counsel was ineffective for: (1) not moving to withdraw his "invalid" guilty plea because he possessed an antique firearm which did not constitute a weapon; and (2) not moving to dismiss the charges against him because he was not afforded a speedy trial. Defendant's assigned PCR counsel submitted a brief and amended the petition by having

defendant assert that he "did not possess a[n operable] weapon" and "did not point this weapon at anyone."

After hearing the parties' arguments, the PCR judge entered an order and issued a decision from the bench denying relief without an evidentiary hearing. Applying the well-known two-prong test to establish ineffectiveness of counsel, Strickland v. Washington, 466 U.S. 668, 687 (1984) and State v. Fritz, 105 N.J. 42, 58 (1987), the judge found there was no prima facie claim that: (1) trial counsel's performance was deficient and (2) the performance prejudiced the defense.

II

In Point I, defendant argues that trial counsel was ineffective because counsel failed to represent him on his motion to withdraw his guilty plea. Since this argument was not raised before the PCR judge and does not "go to the jurisdiction of the trial court or concern matters of great public interest," we would normally decline to consider it. State v. Marroccelli, 448 N.J. Super. 349, 373 (App. Div. 2017) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)). Nevertheless, we will consider the argument.

Defendant, without citing any case law, argued that his guilty plea should be withdrawn

4

because I lied. I did not point a firearm at anybody, and . . . I was told by my [plea] attorney[1] . . . to say that just so I can go home. To lie and to say that so I could go home. So, that's why I said that. But it's not true. I did not point — there is no proof.

As noted, the court denied the motion. Considering the four-prong test set forth in State v. Slater, 198 N.J. 145, 157-58 (2009), the court, which took defendant's plea, reasoned the motion was without merit based on his plea colloquy's unequivocal admission of the offense, the absence of any new evidence supporting his innocence, the strength of the State's case against him; the plea negotiations, and the prejudice to the State in seeking to re-prosecute an incident that occurred almost two years earlier. The court also commented that defendant "indicated . . . he would not plead guilty unless . . . the charges against his father were dismissed."

Defendant's argument that trial counsel was ineffective for not presenting or arguing his motion to withdraw his guilty plea fails, as he has not shown the motion would have been granted had counsel filed and argued it. There is no ineffective assistance of counsel for not filing a motion, or in this case, for not

---

[1] Defendant was represented at sentencing by a different attorney than the attorney who represented him at his plea hearing.

A-4103-19

arguing a motion that is without merit. See State v. O'Neal, 190 N.J. 601, 618-19 (2007); State v. Worlock, 117 N.J. 596, 625 (1990).

Indeed, we have no qualm with the court's denial of the motion. "[I]n evaluating motions to withdraw a guilty plea," a trial court must "consider and balance": "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Slater, 198 N.J. at 157-58. The court did so, properly concluding there was no basis to grant relief. Defendant's bald assertion that "I did not point this weapon at anyone," is insufficient. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (holding a defendant "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." (citing R. 1:6-6)). There was no evidence provided beyond his claim that the gun was inoperable. Moreover, in his PCR proceeding, defendant failed to present any evidence or persuasive argument that had he been represented at the motion hearing, the outcome would have been in his favor.

## III

In Point II, defendant argues trial counsel was ineffective because she failed to raise his right to a speedy trial. He maintains eighteen months elapsed from his arrest to his sentencing, fourteen months elapsed from his indictment to his sentencing, and seven months elapsed from his guilty plea to his sentencing. Contending "neither the [S]tate nor the court was interested in moving [his] case[,]" he asserts counsel should have moved "for a probable cause hearing, for an order to show cause, or for dismissal based on a violation of his right to a speedy trial." This argument fails, as did his guilty plea withdrawal argument, because defendant failed to demonstrate a speedy trial would have been successful. See O'Neal, 190 N.J. at 618-19; Worlock, 117 N.J. at 625.

"The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and imposed on the states by the Due Process Clause of the Fourteenth Amendment." State v. Tsetsekas, 411 N.J. Super. 1, 8 (App. Div. 2009) (citing Klopfer v. North Carolina, 386 U.S. 213, 222-23 (1967)). "The constitutional right . . . attaches upon defendant's arrest." Ibid. (alteration in original) (quoting State v. Fulford, 349 N.J. Super. 183, 190 (App. Div. 2002)). Since it is the State's duty to promptly bring a case to trial, "[a]s a matter

of fundamental fairness," the State must avoid "excessive delay in completing a prosecution[,]" or risk violating "defendant's constitutional right to a speedy trial." Ibid.

The determination of whether a defendant's right to a speedy trial has been violated is based upon the four-factor balancing analysis pronounced in Barker v. Wingo, 407 U.S. 514, 530 (1972). See State v. Cahill, 213 N.J. 253, 258 (2013) (maintaining that Barker is "the governing standard to evaluate claims of a denial of the federal and state constitutional right to a speedy trial in all criminal and quasi-criminal matters"). The four non-exclusive factors that a court should evaluate are: (1) length of the delay, (2) reason for the delay, (3) assertion of the right by the defendant, and (4) prejudice to the defendant. Id. at 264 (citing Barker, 407 U.S. at 530). No one factor is determinative of whether a right to a speedy trial has been violated. Id. at 267 (citing Barker, 407 U.S. at 533). We will not overturn a trial judge's decision where a defendant was deprived of due process on speedy trial grounds unless the judge's ruling was clearly erroneous. State v. Merlino, 153 N.J. Super. 12, 17 (App. Div. 1977).

The PCR judge determined defendant made no showing under Barker that his speedy trial rights were violated. Although the judge's analysis was incorrectly based upon the time between the indictment and guilty plea rather

than the date of arrest, his order still stands. From defendant's arrest on April 29, 2015, it took twelve months and seventeen days until his guilty plea on May 16, 2016. He has not articulated how any of the Barker factors weigh in his favor. Given he was charged with the Graves offense of first-degree attempted murder, the amount of time it took to resolve his indictment was not an inordinate delay and, in turn, not a denial of his right to a speedy trial. Moreover, defendant has not shown his plea agreement or sentence would have been different had counsel filed a motion for a speedy trial.

Because we agree with the PCR judge that defendant did not establish a prima facie claim of ineffective assistance of counsel, he was not entitled to an evidentiary hearing. State v. Preciose, 129 N.J. 451, 462 (1992).

Any arguments not specifically addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4103-19