**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3845-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MANUEL QUINONES, a/k/a
GEORGE CRU, and
JOSE ESPINO,

    Defendant-Appellant.

_____

Submitted October 16, 2023 – Decided December 8, 2023

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 18-01-0006.

Joseph E. Krakora, Public Defender, attorney for appellant (John P. Flynn, Assistant Deputy Public Defender, of counsel and on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent (Steven K. Cuttonaro, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

In this appeal, we consider whether the delay of five and a half years between defendant's arrest and his still-unscheduled trial violated his constitutional right to a speedy trial. We hold it did.

In reaching that conclusion, we have considered the four non-exclusive factors the United States Supreme Court directed courts to evaluate in determining whether the government has denied a defendant the right to a speedy trial. See Barker v. Wingo, 407 U.S. 514, 530 (1972). Those factors include: the length of the delay; the reason for the delay; the assertion of the right by defendant; and prejudice to defendant. Ibid. A proper balancing of those factors, as applied to the facts of this case, establishes that defendant's constitutional right to a speedy trial was violated.

Accordingly, we reverse the order denying defendant's motion to dismiss, vacate his subsequent plea of guilt, and remand with direction that the trial court enter an order dismissing with prejudice the charges against defendant in the indictment in this matter.

I.

Defendant Manuel Quinones was arrested and charged with unlawful possession of a weapon in January 2013. His arrest arose out of a larger investigation into the sale of narcotics and weapons in Camden.

In 2012 and 2013, the New Jersey State Police and the Federal Bureau of Investigation (FBI) were conducting an investigation, known as "Operation

Sheridan Street." During the investigation, State police officers and FBI agents arranged a series of controlled purchases of narcotics in Camden.

One of those controlled purchases was conducted on January 24, 2013. A cooperating witness reached out to Christopher Crespo, a target of the investigation, to arrange a narcotics purchase. State police officers then monitored Crespo as he drove a Honda Odyssey to the Sixth Street Lounge in Camden. When Crespo parked his Honda, defendant, who had not previously been a target of the investigation, was parked near the lounge in a Cadillac SRX. Thereafter, defendant and Crespo switched vehicles and drove off separately to a Crown Fried Chicken restaurant where the narcotics sale was to take place. When defendant and Crespo arrived at the restaurant, they were arrested by State police officers. Defendant was searched and found to be in possession of a Smith & Wesson .40 caliber handgun. Shortly thereafter, State police officers impounded and searched both vehicles. Law enforcement personnel seized approximately eight ounces of cocaine and a handgun from the Honda Odyssey. No weapons or drugs were found in the Cadillac SRX.

That same day, defendant was charged with unlawful possession of a handgun without a permit, N.J.S.A. 2C:39-5(b)(1), and certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1). Defendant was not charged with any

3

narcotics offenses. Defendant spent sixty-four days in jail and was released when he posted bail on March 28, 2013.

Almost five years after his arrest, on January 22, 2018, a State grand jury returned an indictment against defendant and Crespo. Defendant was charged with second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1), and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1). Crespo was indicted for nine crimes.

In February 2018, defendant was assigned counsel. Several months later, in July 2018, defendant, with the assistance of counsel, moved to dismiss the charges against him in the indictment, contending that his right to a speedy trial had been violated.

On August 6, 2018, the trial court heard argument on that motion. The court issued an oral decision that same day, and a written order the following day, denying defendant's motion to dismiss the indictment. In evaluating the motion, the trial court discussed and balanced the four Barker factors. Addressing the first factor, the length of the delay, the trial court found that the delay triggered the need to inquire into the other factors because almost five years elapsed between defendant's arrest and his indictment. In considering the second factor, the reasons for the delay, the court found that the State was responsible for the delay and that defendant had not done anything to delay the

trial. The court then considered but rejected the State's contentions concerning the reasons for the indictment's delay. In that regard, the court rejected the State's argument that the charges against defendant were complicated because of the related narcotics investigation. The trial court also rejected the State's explanation that the matter had been overseen by three successive deputy attorneys general.

The court then analyzed the third factor, defendant's assertion of his right to a speedy trial. The court reasoned that the third factor was "relatively neutral," because defendant first asserted his right approximately six months after the indictment was returned and he had not raised the issue before the indictment was returned.

Finally, the court considered the fourth Barker factor, prejudice to defendant. The court found that defendant could not show "substantial prejudice caused by the delay in the prosecution" because the evidence against him concerning the weapons offense was "relatively straightforward."

In balancing the factors, the trial court found that the first two factors weighed against the State, the third factor was neutral, and the fourth factor favored the State. The trial court then placed the greatest weight on the prejudice factor, held there was no constitutional speedy trial violation, and denied defendant's motion.

5

Thereafter, on October 26, 2018, defendant pled guilty to second-degree unlawful possession of a weapon. In the plea agreement, defendant expressly reserved his right to appeal the denial of his speedy trial motion.

On August 5, 2022, defendant was sentenced to five years in prison with one year of parole ineligibility and the remaining count of the indictment was dismissed. That sentence was in accordance with the State's recommendation, as part of the negotiated plea. Defendant now appeals from the order denying his motion to dismiss the charges against him in the indictment.

## II.

On appeal, defendant presents one argument for our consideration:

> THE TRIAL COURT ERRONEOUSLY DENIED THE SPEEDY TRIAL MOTION BY REQUIRING [DEFENDANT] TO AFFIRMATIVELY SHOW PREJUDICE TO HIS DEFENSE.

A criminal defendant's right to a speedy trial is protected by both the federal and New Jersey Constitutions. U.S. Const. amend. VI; N.J. Const. art. 1, § 10, ¶ 10. The right "attaches upon defendant's arrest." State v. Tsetsekas, 411 N.J. Super. 1, 8 (App. Div. 2009) (quoting State v. Fulford, 349 N.J. Super. 183, 190 (App. Div. 2002)). The "delay is measured from the date of arrest or indictment, whichever is earlier, until the start of trial." United States v. Battis, 589 F.3d 673, 678 (3d Cir. 2009). "[T]he presumption that pretrial delay has

A-3845-21

prejudiced the accused intensifies over time." Doggett v. United States, 505 U.S. 647, 652 (1992). The "only remedy" for a violation of defendant's right to a speedy trial is "dismissal of the charge[s]." State v. Cahill, 213 N.J. 253, 276 (2013); see also Barker, 407 U.S. at 522.

Speedy trial claims are governed by the four-factor balancing test announced in Barker. Cahill, 213 N.J. at 258; State v. Szima, 70 N.J. 196, 201 (1976). As noted, the four non-exclusive factors a court should assess are: (1) the length of delay; (2) the reason for the delay; (3) defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant. Barker, 407 U.S. at 530; Cahill, 213 N.J. at 264.

"None of the Barker factors is determinative, and the absence of one or some of the factors is not conclusive of the ultimate determination of whether the right has been violated." Cahill, 213 N.J. at 267 (citing Barker, 407 U.S. at 533). "All factors are related, thereby requiring a balancing of all applicable factors while recognizing the fundamental right bestowed on a defendant to a speedy trial." Ibid. (citing Barker, 407 U.S. at 533).

Both the New Jersey and United States Supreme Courts have declined to establish a "bright-line" rule under which the passage of a certain amount of time will automatically trigger a violation. Cahill, 213 N.J. at 258; see also Barker, 407 U.S. at 530. Instead, speedy trial claims are to be evaluated on a

"case-by-case application of the [four] identified factors." Cahill, 213 N.J. at 264 (citing Barker, 407 U.S. at 530).

Nevertheless, the United States Supreme Court has also recognized that "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." Doggett, 505 U.S. at 655. Consequently, as the length of an unexcused delay grows, a defendant's need to show specific prejudice diminishes. Id. at 655-57; see also State v. Farrell, 320 N.J. Super. 425, 453 (App. Div. 1999).

We review a trial court's assessment and balancing of the Barker factors deferentially. See Doggett, 505 U.S. at 652. An appellate court will reverse a trial court's determination as to whether a defendant has been deprived of a speedy trial "only if the [trial] court's determination is clearly erroneous." Tsetsekas, 411 N.J. Super. at 10.

In evaluating defendant's motion to dismiss, the trial court found that the first and second Barker factors weighed in defendant's favor. The court found that the third factor was neutral. Finally, the court found that the fourth factor weighed in the State's favor. The trial court then placed the greatest weight on the fourth factor and denied the motion to dismiss.

Our review of the record demonstrates that the trial court did a thorough analysis of the Barker factors. Nevertheless, our review also establishes that the

trial court erred in its analysis of the first, third, and fourth factors. We hold that a proper balancing of the factors compels the dismissal of the charges against defendant because his constitutional right to a speedy trial had been violated.

A.    The Length of the Delay.

Defendant was arrested and charged on January 24, 2013. It was almost five years later, on January 22, 2018, that defendant was indicted. The trial court focused on that five-year delay. The delay, however, was more than five years when properly measured from the date of arrest to the still-unscheduled trial. Defendant filed his motion to dismiss the indictment for a violation of his speedy trial rights in July 2018. No trial date had yet been set, and therefore, the speedy trial clock was still running.

Just as importantly, the trial court did not place enough emphasis on the length of the delay in this case. Both the United States and New Jersey Supreme Courts have recognized that a delay of one year in bringing a defendant to trial triggers a presumption of prejudice and the need to assess the Barker factors. Doggett, 505 U.S. at 652 n.1; Cahill, 213 N.J. at 265. It took the State almost five years to indict defendant. That time is well beyond the presumptive prejudice that arises after one year of delay. Moreover, even after defendant was indicted, the record does not reflect that the State moved expeditiously to

9

establish a trial date. Instead, it was defendant who moved to dismiss the charges because of the excessive delay.

In short, while the trial court correctly recognized that the delay was unduly lengthy, it did not place the proper weight on the unexcused delay of more than five years.

B.    The Reason for the Delay.

"Once a defendant asserts a violation of his [or her] right to a speedy trial, the government is required to identify the reason for the delay." Cahill, 213 N.J. at 266 (citing Barker, 407 U.S. at 531). The courts assign different weights to different reasons for the delay. Doggett, 505 U.S. at 657. If the government deliberately attempts to delay the trial to hamper the defense, the factor will weigh heavily in favor of defendant. Cahill, 213 N.J. at 266. "A more neutral reason[,] such as negligence or overcrowded courts[,] should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." Barker, 407 U.S. at 531; see also Cahill, 213 N.J. at 266 (explaining that "negligence or a heavy caseload[] will also be weighed against the government, albeit less heavily than deliberate delay, because it is the government's ultimate responsibility to prosecute cases in a timely fashion"). A court's "toleration of such negligence varies inversely with its protractedness

and its consequent threat to the fairness of the accused's trial." Doggett, 505 U.S. at 657 (citation omitted).

The trial court found that the State's reasons for the delay were "unpersuasive." The court rejected the State's argument that indicting the defendant on the weapons possession offense was not straightforward because it arose out of a broader investigation. While the trial court "acknowledge[d] the complexity of the overall investigation," the court also reasoned that the evidence concerning the charge against defendant "was not particularly voluminous" and "any follow-up investigation [did] not justify a five-year delay for the return of the indictment." The court also found "unconvincing" the explanation that "multiple [d]eputy [a]ttorneys [g]eneral were assigned to the case" and were "forced to review discovery from the beginning."

All those findings are amply supported by the evidence in the record. So, the trial court correctly found that none of the delay was caused by defendant and the delay was the sole responsibility of the State. Accordingly, this factor weighs heavily against the State. See Fulford, 349 N.J. Super. at 191 (explaining that an appellate court must determine whether any portion of the delay is "reasonably explained and justified").

11

C.    Defendant's Assertion of His Right to a Speedy Trial.

"A defendant does not have an obligation to assert his [or her] right to a speedy trial because he [or she] is under no obligation to bring himself [or herself] to trial." Cahill, 213 N.J. at 266. Nevertheless, a defendant's assertion of the right is "'closely related' to the length of the delay, the reason for the delay, and any prejudice suffered." Ibid. (quoting Barker, 407 U.S. at 531). Accordingly, whether and how a defendant asserts the right "in the face of continuing delays is a factor entitled to strong weight when determining whether the [S]tate has violated the right." Ibid.

Here, the trial court found that the third factor was "relatively neutral." The record does not support that finding. Critically, defendant was not indicted for almost five years. In most situations, the indictment is filed, and the delay then follows. In contrast, here, the State waited almost five years to even seek the indictment.    That distinction is important because an unrepresented defendant could justifiably not want to make inquiries on the reasonable belief that no indictment would ever be sought.

Once the indictment was issued in January 2018, defendant was assigned counsel, and his counsel moved within several months to dismiss the indictment based on the denial of a speedy trial. Those facts do not support the conclusion that the third factor was neutral. Instead, those undisputed facts show that

defendant asserted his right to a speedy trial relatively promptly after he was indicted.

In Cahill, the New Jersey Supreme Court rejected the contention that a defendant's failure to inquire about the resolution of a remaining charge or demand disposition until receipt of a trial notice undercut the merits of a speedy trial claim. 213 N.J. at 274. The Court reasoned that the failure to file a motion to dismiss until after notice of trial was "relevant to, but not dispositive of, the speedy trial analysis." Id. at 258.

Here, defendant filed the motion to dismiss without ever receiving notice of trial date. Further, defendant was under no obligation to demand disposition of his charges during the almost five years between arrest and indictment. Instead, the State was obligated to prosecute in a manner consistent with defendant's right to a speedy trial. Id. at 274.

D.    The Prejudice to Defendant.

Affirmative proof of particularized prejudice is not required to establish a speedy trial violation. Doggett, 505 U.S. at 655; Cahill, 213 N.J. at 274-75. "[I]f the other factors weigh heavily enough, a speedy trial violation can be established without an affirmative showing of prejudice to the defendant." Farrell, 320 N.J. Super. at 446. Excessive delay "presumptively compromises the reliability of a trial in ways that neither party can prove or . . . identify."

<u>Doggett</u>, 505 U.S. at 655. Although "such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other <u>Barker</u> criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay." <u>Id.</u> at 655-56 (citation omitted).

Courts generally consider proof of prejudice to include "prevention of oppressive incarceration, minimization of anxiety attributable to unresolved charges, and limitation of the possibility of impairment of the defense." <u>Cahill</u>, 213 N.J. at 266 (citing <u>Barker</u>, 407 U.S. at 532). The possibility of impairment to the defense is the "most serious" form of prejudice "because the inability of a defendant adequately to prepare his [or her] case skews the fairness of the entire system." <u>Doggett</u>, 505 U.S. at 654 (quoting <u>Barker</u>, 407 U.S. at 532).

In analyzing the prejudice prong, the trial court incorrectly held that defendant was required to show "substantial prejudice caused by the delay in the prosecution." A defendant may need to show prejudice, but not "substantial prejudice." <u>Compare</u> <u>Doggett</u>, 505 U.S. at 656 (explaining that defendant's speedy trial claim would fail, despite extraordinary delay, without a showing of specific prejudice to his defense if the government had pursued the matter with reasonable diligence from his indictment to his arrest), <u>and</u> <u>United States v. Velazquez</u>, 749 F.3d 161, 184 (3d Cir. 2014) (holding the district court erred in finding the government was reasonably diligent and then compounded its error

by requiring defendant to show specific prejudice to his defense), with Brown v. Romanowski, 845 F.3d 703, 716 (6th Cir. 2017) (holding that in the Sixth Circuit, defendants are required to show that the delay caused "substantial prejudice" to prevail). Moreover, the trial court reasoned that because defendant failed to demonstrate that he had been incarcerated and that his defense had been substantially impaired, this factor weighed in favor of the State.

We reject that analysis given the facts in this record. As the United States Supreme Court has noted, it is difficult after the passage of several years to know definitively what potential defenses had been lost. Doggett, 505 U.S. at 655. In addition, given the strength of the other three Barker factors, defendant was not required to provide affirmative proof of particularized prejudice. Defendant was subject to a delay nearly five times the length of the one-year delay that normally triggers a presumption of prejudice.

We are not faulting the trial court for finding limited prejudice to defendant; rather, we hold that the trial court erred in giving too much weight to the prejudice prong. The record establishes that the first, second, and third Barker factors all weighed in favor of defendant. The inexcusable delay of over five years in bringing this matter to indictment and trial is the most significant factor. Had the State believed that defendant was a threat to society, it was incumbent on the State to move with reasonable diligence to indict and convict

defendant. The State's own lack of diligence makes the over-five-year delay a weighty factor.

In short, the balancing of the <u>Barker</u> factors compels the conclusion that defendant's constitutional right to a speedy trial was violated. We, therefore, reverse the order denying the motion to dismiss the charges against defendant, vacate his guilty plea, and remand with direction that the trial court enter an order dismissing the charges against defendant in the indictment in this matter.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3845-21