**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1977-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANDREA SMITH,

    Defendant-Appellant.

_____

Submitted March 4, 2025 – Decided June 27, 2025

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. A-04-06-23.

McCrosson & Stanton, PC, attorneys for appellant (Jonathan F. McCrosson and Frederick J. DeClement, on the briefs).

Jeffrey Sutherland, Cape May County Prosecutor, attorney for respondent (James E. Moore, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Andrea Smith appeals from a February 14, 2024 order, denying her motion to suppress her statement to the police. We affirm.

I.

On the night of September 3, 2020, Middle Township Police Department (MTPD) Officer Jenna Cuomo observed defendant, who "appeared intoxicated" as she was "stumbling" down Wildwood Boulevard in Middle Township. Cuomo stopped her patrol car and drove defendant home.

Around 2:00 a.m., defendant drove to the police station to pick up her boyfriend, who had been arrested for driving while intoxicated (DWI). Cuomo was alerted that defendant was in the lobby. Cuomo came to the lobby and asked defendant how she arrived at the police station. Defendant replied: "[I] drove."

Defendant complied with Cuomo's request to step outside. Cuomo observed that defendant had "bloodshot," "watery" eyes, and "droopy eyelids." She also detected "the odor of alcohol" and also observed defendant "swaying" while standing and walking. Cuomo described defendant's speech as "slow and slurred" and that she had a "sleepy" demeanor.

Cuomo administered the standard field sobriety tests, which defendant failed. Defendant's Alcotest breathalyzer test reported a 0.12% blood alcohol content result.

A-1977-23

On September 4, 2020, defendant was arrested and charged with DWI, N.J.S.A. 39:4-50; reckless driving, N.J.S.A. 39:4-96; and failure to inspect a vehicle, N.J.S.A. 39:8-1.2. At her initial appearance on November 12, 2020, defendant was represented by the appointed municipal public defender and pled not guilty. On September 17, 2021, the appointed public defender withdrew representation, and another public defender was assigned.

On September 28, 2022, notice of trial was sent by email to defendant counsel rescheduling the trial date from December 8, 2022, to December 15, 2022. The delay was attributed to Cuomo's unavailability due to a training schedule.

On December 15, 2022, defendant was represented by her appointed public defender at the in-person municipal court trial. The State presented testimony from Cuomo and two other law enforcement officers. Defendant testified on her own behalf. On May 4, 2023, the municipal court found defendant guilty of DWI and not guilty of the remaining charges. As a first-time offender, defendant was sentenced to a seven-month license suspension and the placement of an ignition interlock on any vehicle used by defendant. The court also imposed the mandatory minimum fines. Defendant appealed her

conviction and sentence to the Law Division, and her sentence was stayed pending appeal.

Following a de novo trial, the Law Division found defendant guilty of DWI on February 14, 2024, after considering the record from the municipal court proceedings and the parties' oral arguments. The court considered and rejected defendant's claim that her constitutional right against self-incrimination had been violated by the absence of Miranda[1] warnings before she was questioned by Cuomo. The court found that defendant was not subject to custodial interrogation when she admitted to Cuomo that she had driven to the police station. The court ruled that defendant's Fifth Amendment right against self-incrimination was not violated and declined to suppress her statement.

## II.

On appeal, defendant raises two arguments. Defendant renews her argument that her statement to Cuomo should have been suppressed because no Miranda warnings were given. She also argues, for the first time on appeal, that her right to a speedy trial was violated because the municipal court trial was scheduled twenty-four months after she was charged with the DWI.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

4

"Our review of a de novo decision in the Law Division is limited." State v. Troisi, 471 N.J. Super. 158, 164 (App. Div. 2022) (citing State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005)). "We give deference to the trial court's factual findings so long as they are supported by sufficient credible evidence in the record" when reviewing a Miranda ruling. State v. O.D.A.-C., 250 N.J. 408, 425 (2022) (citing State v. S.S., 229 N.J. 360, 379-81 (2017)). Thus, our review of the factual and credibility findings of the municipal court and the Law Division "is exceedingly narrow." State v. Reece, 222 N.J. 154, 167 (2015) (quoting State v. Locurto, 157 N.J. 463, 470 (1999)).

It is well settled that a person in custody must be advised of the rights guaranteed by the constitution before he or she is questioned. Miranda, 384 U.S. at 444. A person is "in custody" if there "has been a significant deprivation of the [person's] freedom of action based on objective circumstances, including the time and place of the interrogation, the status of the interrogator, the status of the [person], and other such factors." State v. Bullock, 253 N.J. 512, 533 (2023) (quoting State v. P.Z, 152 N.J. 86, 103 (1997)). These determinations are made "[v]iewing the totality of the circumstances . . . from the perspective of a reasonable person in defendant's position[.]" State v. Smith, 374 N.J. Super. 425, 435 (App. Div. 2005). "Whether an individual is 'in custody' for purposes

of administering Miranda warnings is a fact sensitive inquiry." State v. Ahmad, 246 N.J. 592, 611 (2021) (quoting State v. Hubbard, 222 N.J. 249, 266 (2015)). Thus, the issue must be considered on "a case-by-case approach," based on the totality of the circumstances. State v. O'Neal, 190 N.J. 601, 622 (2007) (Rivera-Soto, J., concurring) (quoting State v. Godfrey, 131 N.J. Super. 168, 175-77 (App. Div. 1974)).

We reject defendant's argument that she was "in custody" while in the presence of Cuomo in the police station lobby. Defendant's reliance on State v. Tiwana, 256 N.J. 33 (2023), to support her argument that she was subject to a custodial interrogation is misplaced. The defendant in Tiwana was handcuffed to a hospital bed as a result of injuries sustained in a drunk driving accident with two police cruiser. Here, defendant voluntarily came to and entered the police station. Cuomo then asked defendant how she arrived at the police station before the administration of field sobriety tests were administered and before defendant was placed under arrest.

The evidence supports the finding made by both the municipal court and Law Division that Cuomo's question was not tantamount to questioning or a "functional equivalent [that] was 'particularly evocative' or 'reasonably likely to elicit an incriminating response.'" Tiwana, 256 N.J. at 42 (citation and internal

6

quotation marks omitted).  Thus, we discern no error in the trial court's finding that under the totality of the circumstances, defendant's statement was purely voluntary and not the product of a custodial interrogation.

We now next consider the defendant's claim, raised for the first time on appeal, that her right to a speedy trial was violated.  Defendant argues the four-factor analysis articulated in Barker v. Wingo, 407 U.S. 514 (1972) establishes a speedy trial violation based on:  the twenty-four month delay; the absence of any evidence in the record as a reason for the delay; defendant did not waive her right to a speedy trial, notwithstanding her failure to assert that right; and defendant did not assert prejudice although the violation can be established without evidence of prejudice. We reject defendant's argument and affirm the Law Division's conclusion that there was no constitutional violation.

Defendant's contention is not properly before us because defendant failed to raise it at the trial court.  See State v. Holland, 423 N.J. Super. 309, 319 (App. Div. 2011) (citing Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

Nevertheless, for the sake of completeness, we briefly address defendant's argument.  It is well-settled that "[t]he right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and imposed on the states by the Due Process Clause of the Fourteenth Amendment."  State v.

Tsetsekas, 411 N.J. Super. 1, 8 (App. Div. 2009). "The constitutional right . . . attaches upon defendant's arrest." Ibid. (omission in original) (quoting State v. Fulford, 349 N.J. Super. 183, 190 (App. Div. 2002)). Therefore, the State must avoid "excessive delay in completing a prosecution[,]" or risk violating "defendant's constitutional right to speedy trial" Ibid.

Here, twenty-seven months elapsed between defendant's arrest and the trial. That passage of time triggers a Barker analysis. In New Jersey, we "evaluate claims of a denial of the federal and state constitutional right to a speedy trial in all criminal and quasi-criminal matters." State v. Cahill, 213 N.J. 253, 258 (2013). The Barker factors are "interrelated, and each must be considered in light of the relevant circumstances of each particular case." Tsetsekas, 411 N.J. Super. at 10 (citing Barker, 407 U.S. at 533).

A twenty-seven month delay is generally presumptively prejudicial; however, the defendant acknowledges that she suffered no actual prejudice. The record shows the lengthy delay was attributed to the appointment of different counsel, the unavailability of the arresting officer, and COVID-19, which the New Jersey Supreme Court ruled was an "exceptional circumstance" and constituted "good cause for delay" in relation to a defendant's right to a speedy-trial. See State v. Mackroy-Davis, 251 N.J. 217, 228-29, 238 (2022). Lastly,

A-1977-23

defendant did not assert her right to a speedy trial before the municipal court and the Law Division. On this record, we conclude defendant has no constitutional claim.

We affirm defendant's conviction. The stay of penalties and the suspension of her driving privileges is vacated, effective thirty days from the date of this opinion. Defendant shall appear before the municipal court within thirty days to surrender her license and to remit any outstanding fines and costs.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hadley

Clerk of the Appellate Division

A-1977-23